UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

```
------------------------------------------------------------------ X
UNITED STATES OF AMERICA                     :
                                             :
     -against-                               :  Hon. Jed S. Rakoff
                                             :
MONZER AL KASSAR,                            :  S3 07 Cr. 354 (JSR)
TAREQ MOUSA AL GHAZI, and                    :
LUIS FELIPE MORENO GODOY                     :
                                             :
                        Defendants.          :
------------------------------------------------------------------ X
```

## DEFENDANTS' REQUESTS TO CHARGE

### PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Monzer Al Kassar,

Tareq Mousa Al Ghazi, and Luis Felipe Moreno Godoy (collectively "Defendants") respectfully

submit the following proposed jury instructions. These instructions focus on the issues presently

believed to be most relevant at the upcoming trial. We respectfully request permission to submit

additional proposed instructions, or to modify these proposed instructions if warranted by further

developments in this case.

## TABLE OF CONTENTS

**REQUEST NO.**                                                                                           **PAGE**

I.        General Requests ........................................................................................... 2

II.       Indictment Not Evidence .............................................................................. 3

III.      Multiple Counts – Multiple Defendants ...................................................... 4

IV.       Burden of Proof ............................................................................................ 5

V.        Reasonable Doubt ......................................................................................... 6

VI.       Proof of Each Element Beyond a Reasonable Doubt ................................... 7

VII.      Consider Only the Charges (If Applicable) ................................................. 8

VIII.     Improper Considerations:  Matters the Jury May Not Consider .................. 9

IX.       Credibility of Witnesses ............................................................................... 10

X.        Law – Enforcement of Witness .................................................................... 11

XI.       Defendant's Testimony ................................................................................. 12

XII.      Defendant's Right Not to Testify (If Applicable) ........................................ 13

XIII.     Credibility of Prosecution Witness – Immunity or Other Benefit ............... 14

XIV.      Degree of Credit Given to a Witness ........................................................... 16

XV.       False Testimony by a Witness ...................................................................... 17

XVI.      Number of Witnesses Not Relevant ............................................................. 18

XVII.     Evaluating Prior Acts Evidence (If Applicable) ......................................... 19

XVIII.    Conspiracy .................................................................................................... 21

XIX.      No Conspiracy – Mere Presence or Association .......................................... 24

XX.       No Conspiracy – Buyer/Seller Relationship ................................................ 25

XXI.      Multiple Conspiracies .................................................................................. 26

XXII.     Withdrawal from Conspiracy (If Applicable) .............................................. 27

XXIII.    Count 1 – Conspiracy to Kill United States Nationals ................................. 29

DOCSNY-334619v01

XXIV.    Count 2 – Conspiracy to Kill Officers and Employees
         of the United States ........................................................................... 30

XXV.     Count 3 – Conspiracy to Acquire and Use Anti-Aircraft Missiles ............... 31

XXVI.    Count 4 – Conspiracy to Provide Material Support or Resources to a
         Foreign Terrorist Organization ........................................................... 32

XXVII.   Count 5 – Money Laundering ............................................................... 35

XXVIII.  Entrapment (Where Applicable) ........................................................... 37

XXIX.    Individual Duty of Jurors ................................................................... 38

XXX.     Unanimous Verdict ........................................................................... 39

DOCSNY-334619v01

I.          General Requests

The Defense respectfully requests that the Court instruct the jury in its usual manner with regard to:

    A.      Function of the Court and Jury

    B.      Statements of Court and Counsel Not Evidence

    C.      Government Treated Like Any Other Party

II.        Indictment Not Evidence:

The Defendants are charged in an indictment. An indictment is not evidence of anything and must not be considered by you as such. An indictment is merely an accusation or a charge. In making your determination of whether the prosecution has proved the Defendants guilty beyond a reasonable doubt, you may only consider the evidence introduced at trial or, lack of evidence. You may not be influenced by allegations in the indictment against the Defendants but only by the actual evidence, or lack there of, introduced at trial. If the evidence introduced at trial leaves you with reasonable doubt that the Defendants specifically conspired to kill U.S. Nationals, to kill U.S. officers or employees, to acquire and use anti-aircraft missiles, to materially aid a terrorist organization, or to launder money, you must acquit them of the charges.

Adapted from Stanley S. Arkin, et al., Business Crime, Criminal Liability of the Business Community, (Model Jury Instructions) No.1303 (2005). Taylor v. Kentucky, 436 U.S. 478 (1978) (Finding that an instruction on the presumption of innocence impresses upon the jury the importance of an accused's right to have his guilt or innocence determined solely on the basis of evidence introduced at trial and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial).

III.       Multiple Counts – Multiple Defendants

The indictment contains a total of five counts.  Each count charges a defendant with a different crime.

There are (two)(three) defendants on trial before you.  You must, as a matter of law, consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged.

In reaching your verdict, bear in mind that guilt is personal and individual.  You verdict of guilty or not guilty must be based solely upon the evidence about each defendant.  The case against each defendant, in each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count.  No other considerations are proper.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instruction 3-8.

4

IV.    Burden of Proof:

The Defendants entered a plea of not guilty to the charges in the indictment. Thus, the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

The law presumes the Defendants and any defendant to be innocent of crime. The Defendants began this trial with no evidence against them and the law permits nothing but legal evidence presented before you as jurors during this trial to be considered in support of any charge against the Defendants. Further, the presumption of innocence remains with the Defendants throughout the trial and continues throughout your deliberations until such time, if ever, that you as a jury is satisfied of guilt beyond a reasonable doubt. The presumption of innocence alone is sufficient to require the acquittal of the Defendants unless and until after careful and impartial consideration of all the evidence presented during this trial, you, as jurors, are unanimously convinced of the Defendants' guilt beyond a reasonable doubt.

I told you when we first met, and I repeat, that the Defendants do not have to prove their innocence. They are presumed to be innocent.

Adapted from Stanley S. Arkin, et al., Business Crime, Criminal Liability of the Business Community, (Model Jury Instructions) No.1302 (2005). Sullivan v. Louisiana, 508 U.S. 275, 281 (1993) (instructional error [constituted mis-description of the burden of proof which contaminated all the jury's findings and was overturned); Patterson v. New York, 432 U.S. 197, 210 (1977) ("the Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which defendant is charged."); In re Winship, 397 U.S. 358, 364, (1970) (the Supreme Court explicitly held that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged); Chalmers v. Mitchell, 73 F.3d 1262, 1266 (2d Cir. 1996) (It is a fundamental tenet of American law that a criminal defendant can only be convicted if the fact finder, normally a jury, finds guilt beyond a reasonable doubt"); Gaines v. Kelly, 202 F.3d 598  (2d Cir. 2000); (writ of habeas corpus granted because the jury instructions included many definitions of reasonable doubt which could have led the jury to misunderstand the burden).

V.        Reasonable Doubt:

Reasonable doubt is a doubt founded in reason arising out of the evidence or lack of evidence.  It is a doubt which a reasonable person has after carefully weighing all of the evidence.  It is a doubt that appeals to your reason, your common sense, your experience and your judgment.  It is no whim, speculation, caprice or mere suspicion.

If, after fair, impartial consideration of all of the evidence, you can say that you are not satisfied of the guilt of the Defendants, that you have such a doubt as would cause you as a prudent person to hesitate before acting in matters of importance to yourselves, then you have a reasonable doubt, and in that circumstance it is your duty to acquit.

If you have reasonable doubt as to whether the Defendants conspired with the specific intent to commit any of the charges against them, then you must acquit.

Adapted from Stanley S. Arkin, et al., Business Crime, Criminal Liability of the Business Community, (Model Jury Instructions) No.1301 (2005). United States v. Booker, 125 S.Ct. 738, 743 (2005) (upholding reasonable doubt threshold for each element of the offense); In re Winship, 397 U.S. 358 (1970) (erroneous instruction regarding requirement of proof beyond a reasonable doubt cannot be harmless error); United States v. Cassese, 2005 WL 2715856 (2nd Cir. 2005) ("Since few events in the life of an individual assume the importance of a criminal conviction, we take the "beyond a reasonable doubt" requirement with utmost seriousness); United States v. Jackson, 368 F.3d 59, 66 (2d Cir. 2004) ("presumption of innocence requires that the accused be acquitted so long as the government has not proved every element of the offense beyond a reasonable doubt, without any requirement that the accused offer evidence (or indeed lift a finger) in his defense").

6

VI.        Proof of Each Element Beyond a Reasonable Doubt:

The Defendants are charged with five separate crimes: four charges of Conspiracy and one charge of Money Laundering.  Each of these crimes is composed of a number of separate and distinct elements.  Each and every element of the crime charged must be proved by the prosecution beyond a reasonable doubt.  If the prosecution fails to prove beyond a reasonable doubt any one element of each Conspiracy, you must acquit the Defendants of that crime, even if you were persuaded of every other element.

Adapted from Stanley S. Arkin, et al., Business Crime, Criminal Liability of the Business Community, (Model Jury Instructions) No.1301 (2005).  United States v. Booker, 125 S.Ct. 738, 743 (2005) (upholding reasonable doubt threshold for each element of the offense);  See also, United States v. Carrillo, 508 U.S. 275 (2000); United States v. Jackson, 368 F.3d 59, 66 (2d Cir. 2004) ("presumption of innocence requires that the accused be acquitted so long as the government has not proved every element of the offense beyond a reasonable doubt, without any requirement that the accused offer evidence (or indeed lift a finger) in his defense").

VII.    Consider Only the Charges  (if applicable)

The Defendants are not charged with committing any crimes other than those contained in the indictment.  You have heard evidence of other acts allegedly committed by the Defendants many years ago.  When that evidence was introduced, it was to be considered solely for a limited purpose.  I want to emphasize that you are not to consider the evidence for any other purpose and you are only to return a verdict as to the charges contained in the indictment.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instruction 3-3.

VIII.      Improper Considerations: Matters the Jury May Not Consider

      Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you in reaching your decision as to whether the government has met its burden of proving the Defendants' guilt beyond a reasonable doubt, to consider or speculate as to why the DEA sent informants to try to involve the Defendants in the alleged conspiracies. Indeed, because it is not evidence in this case, you would be violating your oaths as jurors if you allow this information to influence your verdict in any way. To repeat, your verdict must be based solely upon the evidence or lack of evidence in this case.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instruction 2-11.

IX.        Credibility of Witnesses:

It is your function as a juror to determine the truth or falsity of the testimony of each witness. In assessing credibility, you should carefully scrutinize the testimony given, the circumstances under which each witness testified and every matter in evidence which tends to indicate whether the witness is worthy of belief.

The degree of credibility to be given a witness should be determined by his demeanor, his relationship to the controversy and the parties, his bias or impartiality, the reasonableness of his statement, the strength or weakness of his recollection, viewed in light of all other testimony and the attendant circumstances in the case and the extent to which, if at all, each witness is either supported or contradicted by other evidence.

How did the witness impress you? Did his version appear straight forward and candid? Or did he try to hide some of the facts? Is there a motive to testify falsely?

If a witness is shown to have testified falsely concerning any matter, you have the right to distrust that witness's testimony in other particulars, and you may reject all of the testimony of that witness as not worthy of belief.

Moreover, you are not obligated to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, the inherent improbability of his testimony, the self-interest the witness has, such as his desire to please the government or for other reasons sufficient to you, that such testimony is not worthy of belief.

Adapted from Stanley S. Arkin, et al., <u>Business Crime, Criminal Liability of the Business Community</u>, (Model Jury Instructions) No.1305 (2005). <u>United States v. Samaria</u>, 239 F.3d 228, 233 (2d Cir. 2001) (when there are conflicts in the testimony, we defer "to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence).

X.        Law - Enforcement Witness:

Because a particular witness may be a law enforcement officer such as an agent or informant for the DEA, a police officer, an FBI agent or for that matter an employee of any other governmental agency, that does not mean that his testimony is deserving of any special consideration or any greater weight by reason of that fact.

It is quite legitimate for counsel to attack or question the credibility of an agent or other government employee on the ground that his testimony may be colored by personal or professional interest in the outcome of this case.

Adapted from Stanley S. Arkin, et al., <u>Business Crime, Criminal Liability of the Business Community</u>, (Model Jury Instructions) No.1309 (2005). <u>United States v. Masino</u>, 275 F.2d 129 (2d Cir. 1960) (The court reversed defendant's conviction because he was not accorded a fair trial, where cross-examination of the government's principal witnesses regarding motive was restricted, improper rebuttal testimony was permitted, and the trial court refused defendant's charge calling for scrutiny of the testimony of the government's principal witnesses as accomplices and paid informers); <u>See also</u> <u>United States v. Pedroza</u>, 750 F.2d 187 (1984).

XI.        Defendant's Testimony:

Under our Constitution, the defendant in a criminal case is under no obligation to testify. But, if the defendant chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.

In this case, the Defendant(s) decided to testify. You should examine his/their testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve his/their testimony simply because he/they is/are charged as a defendant(s) in this case.

As I have previously instructed you, the Defendants are presumed innocent unless and until the government proves, beyond a reasonable doubt, that they are guilty of the crimes charged. The burden of proof is on the government and never shifts to any defendant even though the defendant may testify on his own behalf. The fact the Defendant(s) has/have been charged with a crime is no reason by itself for you not to believe his/their testimony.

Adapted from Sand, <u>Model Federal Jury Instructions</u>, Instruction 7-4.

XII.     Defendant's Right Not to Testify (If Applicable):

The Defendant(s) did not testify in this case. Under our Constitution the Defendant(s) had no obligation to testify or present any other evidence because it is solely the government's burden to prove guilt beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the Defendant(s). The Defendant(s) is/are presumed innocent, and is/are never required to prove that he/they is/are innocent by testifying.

The right of the Defendants not to testify is an important part of our Constitution. The Supreme Court said, and I quote:

> It is not everyone who can safely venture on the witness stand, though entirely innocent of the charges against him. Excessive timidity, nervousness when facing others and attempting to explain charges of a suspicious character, and offenses charged against him, will often confuse and embarrass to such a degree as to increase rather than remove prejudices against him. It is not everyone, however honest, who would therefore willingly be placed on the witness stand.

You may not consider in any way whatever or attach any significance to the fact that the Defendant(s) did not testify. No adverse inference against him/them may be drawn by you because he/they did not take the witness stand. You may not consider this against the Defendant(s) in any way in your deliberations.

Adapted from the charge given by Hon. Barrington D. Parker, Jr. in the case of United States v. Alberto Pirro, Jr., 99 Cr. 182 (BDP). The quoted language is found in Wilson v. United States, 149 U.S. 60, 66 (1893) and was quoted with approval in Carter v. Kentucky, 450 U.S. 288, 300 n. 15 (1981).

13

XIII.      Credibility of Prosecution Witness - Immunity or Other Benefit:

The prosecution witnesses Carlos Godoy and Samir Houchaimi were given immunity and/or substantially reduced punishment for serious prior drug trafficking offenses, in addition to being paid millions of dollars in return for their testimony and cooperation with the government in relation to this and other cases.

You may find that witnesses in such a position may be motivated to focus negative inferences or attention on someone other than themselves, namely, the Defendants. Accordingly, their testimony should be closely examined, weighed with care, checked with the facts which you find to exist in this case, and against the other evidence. Then- and only then- should you give this testimony such value or weight as you deem correct under the circumstances.

In return for the witnesses' testimony at this trial and for their cooperation in this and other cases, the prosecution paid the witnesses millions of dollars and, in addition, may have: (1) dismissed felony charges pending against the witnesses; (2) agreed never to bring other felony charges against the witnesses arising out of the witnesses' conduct charges relating to this or other incidents; and (3) called to the attention of the court at the time these witnesses are to be sentenced the extent the witnesses helped the prosecution in bringing and prosecuting this case.

The fact that these witnesses have sought and obtained from the prosecution various benefits for themselves in return for their cooperation and testimony here requires that you view their testimony cautiously and with suspicion: weigh it with great care and subject it to close and searching scrutiny. This is so because testimony may be colored or shaded in such a way as to further a witness's own interest. A witness who receives millions of dollars and/or realizes that he may procure his own freedom, receive a lesser sentence, or avoid other criminal charges by providing testimony favorable to the prosecution has a motive to testify falsely.

14

After considering this motive to falsify as regards these witnesses, and after viewing this testimony cautiously, weighing it with great care and subjecting it to close and searching scrutiny, you may give the testimony such weight as you feel it deserves.

Adapted from Stanley S. Arkin, et al., Business Crime, Criminal Liability of the Business Community, (Model Jury Instructions) No.1312 (2005). United States v. Prawl, 168 F.3d 622 (2d Cir. 1999) (judgment of conviction vacated where district court omitted from the jury charge several instructions requested by Prawl, including: one directing the jury to disregard the guilty plea of a testifying co-defendant when assessing the charges against Prawl; and four instructions advising wary consideration of testimony by government witnesses who were accomplices or informers, or beneficiaries of immunity or plea agreements, and therefore that testimony was unreliable).

15

XIV.    Degree of Credit Given to a Witness

The degree of credit to be given to a witness should be determined by such criteria as his demeanor as he sat here, his relationship to the facts presented, his bias or impartiality, the reasonableness of his statement, and the strength or weakness of his recollection and understanding.

You must consider these elements and view them in the light of other testimony and evidence in the case, and the surrounding circumstances as portrayed by that evidence.

You are entitled to size up a witness just as you would do in any important matter when you are undertaking to determine whether or not a person is truthful, candid and straightforward.

How did the witness impress you? Did his testimony appear candid, or did he try to evade or avoid or hide some of the significant facts? Did the witness have a motive to distort or falsify his evidence? Did the witness appear unduly hostile to one side or the other?

These and similar questions should be asked by you in exercising your important role as exclusive arbiter of the credibility of the witnesses in this case.

You should not afford any more or less credit to testimony that you observe by videotape than you do to testimony observed here in the courtroom.

Adapted from Stanley S. Arkin, et al., Business Crime, Criminal Liability of the Business Community, (Model Jury Instructions) No.1314 (2005). United States v. Estrada, 430 F.3d 606 (2d Cir. 2005) (crimes involving stealth bear on a witness's credibility where it implicates his propensity to testify truthfully).

16

XV.    False Testimony by a Witness:

If you find that a witness has testified falsely concerning any material matter, you

have a right to distrust such witness's testimony in other particulars; and you may reject all the

testimony of that witness or give it such credibility as you may think it deserves.

Adapted from Stanley S. Arkin, et al., Business Crime, Criminal Liability of the Business Community, (Model Jury Instructions) No.1315 (2005). Ortega v. Duncan, 333 F.3d 102 (2d Cir. 2003) (conviction reversed where but for the recanted trial testimony it was unlikely that the jury would have convicted petitioner); See also Shih Wei Su v. Filion, 335 F.3d 119 (2d Cir. 2003).

17

XVI.    Number of Witnesses Not Relevant:

You are to understand that you should not be influenced in any way by the mere number of witnesses called by either side.  The weight of the evidence is not determined by the number of witnesses testifying on either side.  Rather, you should consider all the facts and circumstances in evidence and the credibility of the witnesses to determine which of the witnesses are worthy of greater credence.  You may find that the testimony of a smaller number of witnesses on one side is more credible that the testimony of a greater number of witnesses on the other side.

Adopted from Stanley S. Arkin, et al., Business Crime, Criminal Liability of the Business Community, (Model Jury Instructions) No.1323 (2005).  See United States v. Estrada, 430 F.3d 606 (2d Cir. 2005); United States v. Prawl, 168 F.3d 622 (2d Cir. 1999).

XVII.     Evaluating Prior Acts Evidence (If Applicable)

A.     Similar Acts – Intent

The government has offered evidence tending to show that on a different occasion the Defendants engaged in conduct similar to the charges in the indictment.

In that connection, let me remind you that the Defendants are not on trial for committing this act not alleged in the indictment. Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the Defendants committed the crime charged. Nor may you consider this evidence as proof that the Defendants have criminal personalities or bad character. The evidence of the other, similar act was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the Defendants committed the acts charged in the indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the indictment, the Defendants acted knowingly and intentionally and not because of some mistake, accident or other innocent reason.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the Defendants committed the other act they must also have committed the acts charged in the indictment.

B.     Similar Acts – Identity or Plan

There has been evidence received during the trial that the Defendants engaged in other conduct which was similar in nature to the conduct charged in the indictment. If you find that the Defendants did engage in that other conduct and if you find that the other conduct has sufficiently similar characteristics to that charged in the indictment, then you may, but you need not, infer that (the Defendants were the persons who committed the acts charged in this

19

indictment) (the acts charged in this indictment and the other conduct were part of a common plan or scheme committed by the Defendants).

However, the evidence of similar conduct is to be considered by you only on the issue of (identity, or common scheme, plan or preparation).  It may not be considered by you for any other purpose.  Specifically, you may not consider it as evidence that the Defendants are of bad character or have the propensity to commit crime.

Adapted from Sand, Modern Federal Jury Instructions, Instruction 5.06.

XVIII.    Conspiracy

In this case, the Defendants are accused of having been members of a conspiracy to violate certain federal laws. A conspiracy is a criminal partnership—an agreement of two or more persons to participate in what he/she knew to be a collective venture directed toward a common goal. Specifically, the four conspiracy charges here are that the Defendants conspired to kill U.S. Nationals, conspired to kill American officers and employees, conspired to acquire and use anti-aircraft missiles, and conspired to materially support a terrorist organization.

Conspiracy is a specific intent crime. Specific intent means that the government must establish beyond a reasonable doubt that the defendant had the intent to violate the substantive statute, or crime, that is the object and outcome of the conspiracy. This means you cannot find that the Defendants engaged in a conspiracy unless it was the conscious objective of the Defendants to bring about the actual result of the conspiratorial agreement. As applied to the facts of this case, in order to find one of the Defendants guilty of, for instance, the first charge of conspiracy to kill U.S. Nationals, you must find that the Defendants had the definite and specific objective to kill U.S. Nationals, as I will shortly describe. You cannot convict the Defendants of conspiracy unless you find that the government established beyond a reasonable doubt that the Defendants had the specific intent to violate the substantive statutes.

In order for a defendant to be guilty of a conspiracy to violate federal law, the Government must prove beyond a reasonable doubt the following elements:

(1) that such a conspiracy existed;

(2) that at some point the Defendants knowingly and willfully joined and participated in the conspiracy;

(3) that at least one overt act in furtherance of the conspiracy was knowingly and willfully committed by at least one member of the conspiracy;

21

(4) that the Defendants had the specific intent to bring about the objective of the conspiratorial agreement

With respect to the first element, a "conspiracy" is an agreement among two or more persons to achieve an unlawful object.  For the participants to agree, the participants must have had a unity of purpose, or a common design and understanding, or a meeting of minds in an unlawful arrangement.  It is not sufficient that the unlawful agreement be between the defendant(s) and a government informant.  Some other person must have entered into the unlawful agreement with the defendant in order for a conspiracy to exist.  If you find that the only agreement established is between the defendant and a government informant, you must acquit.

While the government need not show that the defendant was aware of every detail of the conspiracy or of every other member of the conspiracy, the government must show mutual dependence and assistance among the participants, a common aim or purpose, or a permissible inference from the nature and scope of the operation that each participant was aware of his part in a larger organization where others performed roles equally important to the overall success of the venture.  Nobody is guilty of a conspiracy except for the fair import of the concerted purpose or agreement as he understands it.

With respect to the second element -- that the Defendants knowingly and willfully joined and participated in the conspiracy -- to act "knowingly" means to act consciously and deliberately rather than mistakenly or inadvertently, and to act "willfully" means to act purposely and with an intent to do something unlawful.  Thus, a defendant enters into a conspiracy "knowingly and willfully" if he joins and participates in the conspiracy with knowledge of, and the intent to further, its unlawful object.

22

You may not infer that the defendant was guilty of participating in criminal conduct merely from the fact that he associated with other people who he knew were guilty of wrongdoing. In other words, knowledge of illegal conduct is not enough; the Defendant himself must intentionally participate in the conspiracy with the purpose of helping to achieve at least one of its unlawful objects.

As for the third element -- that an overt act was knowingly and willfully committed by at least one conspirator in furtherance of the conspiracy -- an "overt act" is any action intended to help achieve the object of the conspiracy. An overt act need not itself be a criminal act, but it must contribute to furthering the conspiracy. An act by a government informant cannot be considered an overt act in furtherance of the conspiracy for purposes of satisfying this element.

With respect to the fourth element -- that the Defendants had the specific intent to bring about the objective of the conspiratorial agreement – specific intent means that the government has the burden to establish beyond a reasonable doubt that it was the conscious objective of the Defendants to violate the substantive statute, or engage in the crime, that is the object and outcome of the conspiracy.

Adapted from Sand, Modern Federal Jury Instructions, Instructions 6-4, 19-3S; U.S. v. Potocki, 2008 WL 4646177 (2nd Cir. 2008); U.S. v. Kozeny, 493 F.Supp.2d 693 (S.D.N.Y. 2007); U.S. v. Ceballos, 340 F.3d 115 (2nd Cir. 2003); U.S. v. Geibel, 369 F.3d 682 (2nd Cir. 2004); U.S. v. McDermott, 245 F.3d 133 (2nd Cir. 2001); U.S. v. Soto, 716 F.2d 989 (2nd Cir. 1983); American Tobacco Co. v. U.S., 328 U.S. 781, 810 (1946); U.S. v. Tramunti, 513 F.2d 1087 (2d Cir. 1975). See Scales v. United States, 367 U.S. 203, 224-225 (1961) ("when the imposition of punishment on a status or on conduct can only be justified by reference to the relationship of that status or conduct to other concededly criminal activity…that relationship must be sufficiently substantial to satisfy the concept of personal guilt in order to withstand attack under the Due Process Clause of the Fifth Amendment."); United States v. Al-Arian, 329 F.Supp.2d 1294, 1300 (M.D. Fla. 2004) (government required to prove that the defendant had specific intent to support the illegal activities of the foreign terrorist organization, pursuant to the Due Process Clause of the Fifth Amendment).

XIX.    No Conspiracy – Mere Presence or Association

Before the jury may find that the Defendants became members of a conspiracy charged in the indictment, the evidence in the case must show beyond a reasonable doubt that the Defendants knew the purpose or goal of the agreement or understanding and deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

A defendant must not only have been present, he must have known about the conspiracy, he must have intended by his presence to participate in the conspiracy or to help it succeed.  In other words, presence itself may demonstrate membership in a conspiracy only if that presence is a functional part of the conspiracy.

Adapted from 2 Fed. Jury Prac. & Instr., Sec. 31.05 (5th Ed.); United States v. Mariani, 725 F.2d 862, 865 (2d Cir.1984); United States v. Locascio, 6 F.3d 924 (2d Cir.1993), cert. denied, 511 U.S. 1070, 114 S.Ct. 1645, 128 L.Ed.2d 365 (1994).

24

XX.    No Conspiracy - Buyer/Seller Relationship

To successfully establish a defendant's membership in a conspiracy, a showing by the government of mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member.

Specifically, one who, without more, furnishes supplies to another engaging in illegal conduct is not guilty of conspiracy even though his sale may have furthered the object of a conspiracy to which the illegal actor was a party but of which the supplier had no knowledge.

Adapted from Sand, Modern Federal Jury Instructions, Instruction 19-6; U.S. v. Morris, 836 F.2d 1371 (DC Cir. 1988); United States v. Falcone, 311 U.S. 205 (1940).

XXI.     Multiple Conspiracies

The indictment charges that defendant(s) knowingly and deliberately entered into four separate conspiracies to violate certain federal laws. In order to sustain its burden of proof for each charge, the government must show that each overall conspiracy alleged in the indictment existed. Proof of separate or independent conspiracies not charged in the indictment is not sufficient.

In determining whether or not any single conspiracy has been shown by the evidence in the case you must decide whether common, master, or overall goals or objectives existed which served as the focal point for the efforts and actions of any members to the agreement. In arriving at this decision you may consider the length of time the alleged conspiracy existed, the mutual dependence or assistance between various persons alleged to have been its members, and the complexity of the goals or objectives shown.

A single conspiracy may involve various people at differing levels and may involve numerous transactions which are conducted over some period of time and at various places. In order to establish a single conspiracy, however, the government need not prove that an alleged co-conspirator knew each of the other alleged members of the conspiracy nor need it establish that an alleged co-conspirator was aware of each of the transactions alleged in the indictment.

Proof of several separate conspiracies is not proof of a single, overall conspiracy charged in the indictment unless one of the several conspiracies which is proved is a single conspiracy which the indictment charges. Even if the evidence in the case shows that the Defendants were members of some conspiracy, but that this conspiracy is not one of the four conspiracies charged in the indictment, you must acquit the Defendants of these charges. Adapted from 2 Fed. Jury Prac. & Instr., Sec. 31.09 (5th Ed.); U.S. v. Tramunti, 513 F.2d 1087 (2d Cir. 1975).

26

XXII.    Withdrawal from Conspiracy (If Applicable)

The Defendants have raised the defense that they were not members of the conspiracy because they withdrew from the conspiracy.

Once a person joins a conspiracy, that person remains a member until he withdraws from it. Any withdrawal must be complete and it must be done in good faith.

A person can withdraw from a conspiracy by taking some affirmative steps to terminate or abandon his participation in, and efforts to promote, the conspiracy. In other words, the Defendants must have demonstrated some type of positive action which disavowed or defeated the purpose of the conspiracy.

By way of example, a defendant may withdraw from a conspiracy by: giving a timely warning to the proper law enforcement officials; or wholly depriving his prior efforts of effectiveness in the commission of the crime; or making appropriate efforts to prevent the commission of a crime; or by doing acts which are inconsistent with the object(s) of the conspiracy and making reasonable efforts to communicate those acts to his co-conspirators.

The Defendants have the burden of proving that they withdrew from the conspiracy by a preponderance of the evidence. To prove something by a preponderance of the evidence means to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more convincing. In determining whether the Defendants have proven that they withdrew from the conspiracy, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence regardless of who may have produced them. If the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve this question against the Defendants. However, it is important to remember that the fact that the

27

Defendants have raised this defense does not relieve the government of its burden of proving that there was an agreement, that the Defendants knowingly and voluntarily joined it, and that an overt act was committed. Those are things that the government still must prove beyond a reasonable doubt in order for you to convict the Defendants of the crime of conspiracy. To withdraw, a defendant either must have affirmatively notified each other member of the conspiracy he will no longer participate in the undertaking so they understand they can no longer expect his participation or acquiescence, or he must make disclosures of the illegal scheme to law enforcement officials.

Thus, once a defendant is shown to have joined a conspiracy, in order for you to find he abandoned the conspiracy, the evidence must show that the Defendants took some definite, decisive step, indicating a complete disassociation from the unlawful enterprise.

Adapted from Sand, Modern Federal Jury Instructions, Instruction 19-10.

XXIII.    Count 1 - Conspiracy to Kill United States Nationals:

The Defendants are charged with conspiring to kill United States Nationals under 18 U.S.C. 2332(b).

To prove the Defendants guilty of conspiring to kill U.S. Nationals ("U.S. Nationals"), the government must establish each element of the following beyond a reasonable doubt:

(1) that the Defendants entered into an agreement;

(2) to kill U.S. Nationals;

(3) with premeditation and malice aforethought.

An act, such as killing, is done with premeditation if it is done upon deliberation. In order to satisfy this element the government must prove that the Defendants conspired to kill U.S. Nationals only after thinking the matter over, deliberating whether to act before entering a conspiracy to kill U.S. Nationals.

Malice is the state of mind that would cause a person to act without regard to the life of another. In order to establish this element, the government must prove that the Defendants acted willfully, with a bad or evil purpose to kill U.S. Nationals.

In order to find that the Defendants conspired to kill U.S. Nationals with premeditation and malice aforethought, you must find beyond a reasonable doubt that the Defendants acted consciously and deliberately, with the specific intent to kill U.S. Nationals as the object and outcome of the alleged conspiracy.

Adapted from Sand, Modern Federal Jury Instructions, Instructions 19-3S and 41.01; 18 U.S.C. § 2332(b); 18 U.S.C. § 1111.

29

XXIV.    Count 2 - Conspiracy to Kill Officers and Employees of the United States:

The Defendants are charged with conspiracy to kill officers and employees of the United States under 18 U.S.C. § 1114.

To prove the Defendants guilty of conspiring to kill U.S. Nationals, the government must establish each element of the following beyond a reasonable doubt:

(1) that the Defendants entered into an agreement;

(2) to kill officers and employees of the United States;

(3) while such officer or employee was engaged in or on account of the performance of official duties;

(3) with premeditation and malice aforethought.

In order to prove that the Defendants conspired to kill officers and employees of the United States, the government must prove that the Defendants conspired to kill officers and employees of the United States with premeditation and malice aforethought, as I explained in the prior charge.

In order to find that the Defendants conspired to kill officers and employees of the United States with premeditation and malice aforethought, you must find beyond a reasonable doubt that the Defendants acted consciously and deliberately, with the specific intent to kill officers and employees of the United States as the object and outcome of the alleged conspiracy.

Adapted from Sand, Modern Federal Jury Instructions, Instructions 19-3S and 41.01; 18 U.S.C. § 1114; 18 U.S.C. § 1111; Braxton v. United States, 500 U.S. 344, 111 S. Ct. 1854, 1859, 114 L. Ed. 2d 385 (1991) (the statute does not specify the elements of "attempt to kill"; thus, they are those required at common law which include a specific intent to commit the unlawful act).

30

XXV.    Count 3 - Conspiracy to Acquire and Use Anti-Aircraft Missiles:

The Defendants are charged with conspiracy to acquire and use anti-aircraft missiles under 18 U.S.C. § 2332g(a)(1).

In order for the government to prove the Defendants guilty of conspiring to acquire and use anti-aircraft missiles, the government must establish each element of the following beyond a reasonable doubt:

(1) that the Defendants entered into an agreement;

(2) to knowingly acquire, produce, construct, transfer directly and indirectly, import, or use;

(3) an explosive or incendiary rocket or missile that is guided by any system enabling the rocket to seek aircraft.

As I instructed before, to act "knowingly" means to act consciously and deliberately rather than mistakenly or inadvertently.

In order to find that the Defendants knowingly conspired to acquire and use anti-aircraft missiles, you must find that the Defendants acted consciously and deliberately with the specific intent to acquire or use anti-aircraft missiles as the object and outcome of the conspiracy.

It is important to understand that this charge does not apply to any device that is not designed for use as a weapon.

Furthermore, this charge does not apply with respect to conduct by or under the authority of the United States or any department or agency thereof or of a State or any department or agency thereof; or conduct pursuant to the terms of a contract with the United States or any department or agency thereof or with a State or any department or agency thereof.

Adapted from Sand, Modern Federal Jury Instructions, Instructions 19-3S; 18 U.S.C. § 2332(g)(a)(1).

31

XXVI.   Count 4 - Conspiracy to Provide Material Support or Resources to a Foreign Terrorist Organization:

The Defendants are charged with conspiracy to provide material support to a foreign terrorist organization under 18 U.S.C. § 2339B(a)(1).

In order to prove the Defendants guilty of conspiring to provide material support to a foreign terrorist organization, the government must establish each element of the following beyond a reasonable doubt:

(1) that the Defendants agreed;

(2) to knowingly provide material support or resources to an organization;

(3) knowing that the organization is a designated terrorist organization or that the organization was engaged in or has engaged in terrorist activity or in terrorism;

(4) with the specific intent to further the illegal activities of the terrorist organization.

The term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials.

A "foreign terrorist organization" is one so designated by the Secretary of State through Section 219 of the Immigration and Nationality Act. I instruct you as a matter of law that the FARC was, at the time of this offense, a foreign terrorist organization so designated by the Secretary of State through Section 219 of the Immigration and Nationality Act.

"Terrorist activity" means any activity which is unlawful under the laws of the place where it is committed  and which involves any of the following: the highjacking or sabotage of any conveyance such as aircraft, vessels or vehicles; the detaining and threatening of an

32

individual in order to compel a third party or government to act; a violent attack upon an internationally protected person; assassination; to use any biological or chemical agent, nuclear weapon or device, explosive, firearm or other dangerous weapon or device (other than for personal monetary gain) with the intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property.

For an organization to engage in terrorist activity means, in an individual capacity, or as a member of an organization, to commit or incite to commit, under circumstances indicating an intention to cause death or serious bodily injury, a terrorist activity; to prepare or plan a terrorist activity; to gather information on potential targets for terrorist activity; to solicit funds or other things of value for a terrorist activity or a terrorist organization; to solicit any individual to engage in terrorist conduct or for membership in a terrorist organization; to commit an act that knowingly affords material support for the commission of a terrorist activity, to an individual or has or who plans to commit a terrorist activity, or to a terrorist organization.

The term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents.

In order to find that the Defendants knowingly conspired to provide material support or resources to a terrorist organization, the government must prove each element beyond a reasonable doubt that the Defendants acted consciously and deliberately, with the specific intent to provide material support to an organization they knew to be a terrorist organization or that they knew to have engaged or was engaged in activities I just described, and with the specific intent to further the illegal activities of the terrorist organization as the object and outcome of the alleged conspiracy.

In this case, "specious inferences are not indulged, because it would not satisfy the Constitution to have a jury determine that the defendant[s] are *probably* guilty." If you find that

33

the Defendants did not actually believe, but merely speculated that the organization was a

terrorist organization or engaged in terrorist activity, you must acquit.

Adapted from the instruction proposed in United States v. Aref, Criminal No. 04-CR-402 (McAvoy, J.); 18 U.S.C. § 2339B(g)(6); 18 U.S.C. § 2339B(g)(4); 18 U.S.C. § 2339A(b)(1); 8 U.S.C. § 1182(a)(3)(B)(iii); 22 U.S.C. § 2656f(d)(2); quoted language from U.S. v. Potocki, 2008 WL 4646177 (2nd Cir. 2008) (defendant's conviction for conspiracy to sell stolen property reversed for government's failure to prove beyond a reasonable doubt the essential element that defendant believed the property to be worth over $5,000).  See Scales v. United States, 367 U.S. 203, 224-225 (1961) ("when the imposition of punishment on a status or on conduct can only be justified by reference to the relationship of that status or conduct to other concededly criminal activity...that relationship must be sufficiently substantial to satisfy the concept of personal guilt in order to withstand attack under the Due Process Clause of the Fifth Amendment."); United States v. Al-Arian, 329 F.Supp.2d 1294, 1300 (M.D. Fla. 2004) (government required to prove that the defendant had specific intent to support the illegal activities of the foreign terrorist organization, pursuant to the Due Process Clause of the Fifth Amendment).

XXVII.    Count 5 - Money Laundering:

The Defendants are charged with conducting a financial transaction involving property represented to be the proceeds of specified unlawful activity under 18 U.S.C. § 1956(a)(3).

In order to prove the crime of money laundering, the government must prove beyond a reasonable doubt each of the following elements:

(1) that the Defendants conducted (or attempted to conduct) a financial transaction which affects interstate or foreign commerce in any way or degree;

(2) that the transaction involved property represented by a law enforcement officer, and believed by the Defendants, to be the proceeds of some form of unlawful activity; and

(3) that the Defendants acted with the intent to promote the carrying on of specified unlawful activity, or to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity.

The first element which the government must prove beyond a reasonable doubt is that the Defendants conducted (or attempted to conduct) a financial transaction which affects interstate or foreign commerce in any way or degree.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

The term "financial transaction" means a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments, or involves the transfer of title to any real property, vehicle, vessel or aircraft.

35

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase of sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

The second element that the government must prove beyond a reasonable doubt is that the transaction the Defendants conducted (or attempted to conduct) involved property represented by a law enforcement officer, and believed by the Defendants, to be the proceeds of some form of unlawful activity.

For the purposes of this section, a law enforcement officer includes federal law enforcement officers and any other person acting under the direction or with the approval of a federal official authorized to investigate or prosecute money laundering.

The third element the government must prove beyond a reasonable doubt is that the Defendants acted with the intent to promote the carrying on of specified unlawful activity. To act intentionally means to act deliberately and purposefully, and not by mistake or accident, with the purpose of promoting, facilitating or assisting the carrying on of drug dealing. If you find that the Defendants acted with the intention or deliberate purpose of promoting, facilitating, or assisting in the carrying on of drug dealing, then this element is satisfied.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instruction 50A.05.

XXVIII.    Entrapment (Where Applicable)

The Defendant(s) asserts as a defense that he was the victim of entrapment by an agent of the government. While the law permits government agents to trap an unwary criminally-minded person, the law does not permit the government agents to entrap an unwary innocent. Thus, a defendant may not be convicted of a crime if it was the government who gave the defendant the idea to commit the crime, if it was the government who also persuaded him to commit the crime, and if he was not ready and willing to commit the crime before the government officials or agents first spoke with him.

On the other hand, if the Defendant(s) was ready and willing to violate the law, and the government merely presented him with an opportunity to do so, that would not constitute entrapment.

Your inquiry on this issue should first be to determine if there is any evidence that a government agent took the first step that led to a criminal act. If you find there was no such evidence, there can be no entrapment and your inquiry on this defense should end there.

If, on the other hand, you find some evidence that a government agent initiated the criminal acts charged in the indictment, then you must decide if the government has satisfied its burden to prove beyond a reasonable doubt that prior to first being approached by government agents, the Defendant(s) was ready and willing to commit the crime. If you find beyond a reasonable doubt that the Defendant(s) was predisposed, that is, ready and willing to commit the offenses charged, and merely was awaiting a favorable opportunity to commit them, then you should find that the Defendant(s) was not the victim of entrapment. On the other hand, if you have a reasonable doubt that the Defendant(s) would have committed the offenses charged without the government's inducements, you must acquit the Defendant(s).

Adapted from Sand, Modern Federal Jury Instructions, Instruction 8-7.

XXIX.    Individual Duty of Jurors:

As a juror you have a duty to determine the innocence or guilt of the Defendants based on your own recollections and understanding of the evidence in this case. You should listen to the views of your fellow jurors just as you should make your views known to them. Yet, you would be doing a disservice to your oath as a juror, and indeed, to the Court and the system of justice if you let your own individual judgments be overborne by your fellow jurors for the sake of expediency or because your views may represent a minority view. In short, your judgment in this case should not represent a compromise of your own individual good faith belief in the guilt or innocence of the Defendants on the charges.

Adapted from Stanley S. Arkin, et al., Business Crime, Criminal Liability of the Business Community, (Model Jury Instructions) No.1325 (2005). Benjamin v. Fischer, 87 Fed. Appx. 761 (2d Cir. 2004); Wissel v. United States, 22 F.2d 468 (2d Cir. 1927).

XXX.        Unanimous Verdict:

Your verdict as to each count against the Defendants must be unanimous.

Adapted from Stanley S. Arkin, et al., <u>Business Crime, Criminal Liability of the Business Community,</u> (Model Jury Instructions) (2005).  <u>Benjamin v. Fischer</u>, 87 Fed. Appx. 761  (2d Cir. 2004).

Dated: October 27, 2008

Respectfully submitted,

DICKSTEIN SHAPIRO, LLP

By: _____/s/_____
    Ira Lee Sorkin
    Nicole DeBello
    Elliott Z. Stein
    *Attorneys for Monzer Al Kassar*
    1177 Avenue of the Americas
    New York, New York 10036
    Tel. (212) 277-6500
    Fax  (212) 277-6501